ANDREW FISHER v. WILLIAM S. CONANT, impleaded with CHARLES S. SLOAN.

Where a complaint sought to rescind a contract of sale on the ground that the defendant, "by false and fraudulent representations and with intent to defraud the plaintiff of certain goods," had obtained possession thereof, and the evidence revealed a desire on the part of the seller to effect the sale rather than any application by the purchaser to make the purchase ; it was *held*, there being no proof of any representations whatever, that the insolvency of the defendant and his neglect to disclose it were insufficient to sustain the action.

A suit for the rescission of a contract of sale, on the ground of fraud, cannot be maintained by the vendor while he retains any part of the consideration received by him from the purchaser. (a)

So *held*, where the purchaser made a partial payment in cash, and agreed to deliver notes for the balance, and the vendor filed his complaint without having offered to restore the money.

THE complaint in this action alleged that, "by false and fraudulent representations, and with intent to defraud the plaintiff of certain goods," which were described, the defendant Sloan had obtained the possession thereof; that the plaintiff was induced to deliver the goods by false and fraudulent representations, and by promises by Sloan that he would pay for them, whereas he had no intention of payment, but obtained the possession with intent to cheat and defraud; that Sloan had transferred and delivered the goods to the defendant Conant without consideration; that the plaintiff had made demand of Conant; and that the latter wrongfully detained,

(a) See *Rosenbaum* v. *Gunter, post*, p. 203.

etc., to the plaintiff's damage, etc. Prayer, that the court would adjudge a delivery and damages for the detention.

The defendant Conant answered, taking issue on the allegations of fraud. The defendant Sloan made default.

Considerable testimony was taken at the trial, but a brief statement will be sufficient to illustrate the points discussed by the court upon this appeal.

The plaintiff proved that, at the time of the alleged sale, the defendant Sloan was insolvent, and had confessed a judgment to Conant, but made the purchase without any intimation of these facts. There was no evidence, however, of any representations by him when the sale was negotiated and the delivery obtained. It seemed that, primarily, the bargain had been sought by the vendor rather than by the purchaser.

. From the testimony produced for the defence, it appeared that the terms of the sale were cash and notes; that the former was paid to the plaintiff, who had not made nor tendered any restoration thereof; and that the latter had, at some period, been offered to the plaintiff, who refused to accept them.

A nonsuit was granted, which was sustained, after argument at special term, and the case now came up on appeal from an order denying a new trial.

*Alfred Roe* and *Benjamin W. Bonney*, for the plaintiff, made and argued the following points:

I. The plaintiff's case on the pleadings was sufficient to sustain his action. The defendant Sloan admitted all the allegations of the complaint. The defendant Conant held a mere naked possession without title or color of title. For the answer of Conant admits the sale and delivery to Sloan, and sets up new matter, alleging title under an assignment, which was not proved. Thus the burden of proof was thrown on the defendant. (Code of Procedure, § 168.)

. II. Admitting, for the purpose of the argument, that the defendant Conant held title under the assignment, an assignee can hold or claim no better title than his assignor; and, as the

facts admitted and proved entitle the plaintiff to judgment against Sloan, he is equally entitled to judgment against Conant. (*Root* v. *French*, 13 Wend. 570; 8 Shep. 474.)

Besides, there is no proof that the alleged assignment was made to secure any valid debt or claim against the defendant Sloan, and if the defendant Conant does hold title under such assignment, he is a mere naked trustee.

III. But the fraud in this case, on the part of the defendant Sloan, was clearly admitted and proved, both by the pleadings and the witnesses. 1. In no case could the plaintiff offer any higher proof of fraud than the admissions or statements of Sloan, and his admissions on the records of the court are the best proof that could be offered. (8 Ala. 104.) 2. The insolvency of Sloan, at the time of making the purchase of the plaintiff, was clearly proved; and where a vendee knows he is insolvent, at the time of making a purchase, and does not disclose the fact, the sale is fraudulent and void. (9 Gills & Johns. 220; 1 Texas, 326; 16 Conn. 71; 12 Pickering, 307; *Olmstead and Cary* v. *Hotailing*, 1 Hill, 311, 317.) 3. Fraud may be the concealment of facts known by one party to be material where the other party has not equal means of information. (4 Shep. 30; 5 ib. 341; 5 Ala. 596; 2 Penn. 19.) 4. A purchase, with intent not to pay for the goods, is sufficient to avoid the sale, and the intent is to be decided by the jury. (*Ash* v. *Putnam*, 1 Hill, 302; *Van Cleef* v. *Fleet*, 15 Johns. 147; *Durell* v. *Haley*, &c., 1 Paige, 492; *Stoll* v. *Conant*, and *Stoltz* v. *Conant*, decided at February Term, 1853, of Superior Court, by Judge Oakley; *Ward* v. *Hubbard*, decided March 28, 1853, in New York Supreme Court, opinion of Edwards, J.; *Cary* v. *Hotailing*, 1 Hill, 311.)

IV. Where there is the slightest evidence of fraud, and circumstances are sufficient to prove it, it is a question of fact for the jury, and the court will not pass upon it. (3 Greenleaf, 295; 3 Shepley, 225; 2 Met. 99; 10 Smedes & M. 84; 10 Watts, 404; 1 Texas, 326; *Ash* v. *Putnam*, 1 Hill, 302; *Olmstead and Cary* v. *Hotailing*, 1 Hill, 311, 317; *Hanford* v. *Archer*, 4 Hill, 271; *Waterbury* v. *Sturtevant*, 18 Wend. 353;

*Ward* v. *Hubbard, Stoll* v. *Conant,* and *Stoltz* v. *Conant,* see last point.)

*Elisha W.* and *George F. Chester,* for the respondent, made and argued the following points :

I. The complaint charges that the defendant Sloan by false and fraudulent representations, and with the intent to defraud the plaintiff, obtained certain goods of him, and that he was induced to deliver the goods to Sloan by his false and fraudulent representations and promises to pay for the same.

II. There was no evidence of any representations whatever —no proof of any promises to pay, except the ordinary talk of credit—three or four months, and a note given. The note had not become payable when the action was brought.

By THE COURT. INGRAHAM, FIRST J.—There is no ground for reversing the order made at special term denying the motion for a new trial.

The complaint charges false representations, by which property was purchased by Sloan from the plaintiff, and sets out an assignment from Sloan to the defendant.

This is denied by the answer, so far as relates to the fraud. There is no proof of any representations, but the evidence rather shows a desire on the part of the plaintiff to make the sale than any application of Sloan to make the purchase.

The mere fact that a purchaser is in debt or involved is not enough to vitiate a sale. The confession of judgment and the existence of the judgment, and execution at the time of the purchase, were all proper circumstances to have been submitted to a jury, if the charge had been for fraudulently concealing the facts which should have been disclosed.

The terms of the contract are not very specifically stated by any witness. It does not even appear in the plaintiff's testimony that any note or credit was to be given, although the deputy sheriff states that the plaintiff's attorney handed him two notes, which he gave to Sloan ; but Sloan testifies that he pur-

chased the property of Fisher, and paid part in cash and part in notes.

If this is so, then the plaintiff has never put himself in a position to reclaim the property. No man can avoid a contract and retain the consideration received for it, or any part of it. He must return all that he has received. Here he retains the cash and then reclaims the goods, only returning the notes which he says he received.

In *Masson* v. *Bovet*, 1 Denio, 69, Judge Beardsley says: The party who would disaffirm a fraudulent contract must return whatever he has received upon it. He cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind *in toto*, if at all. To retain the whole or a part of what was received upon the contract is incompatible with its rescission, and hence the necessity of restoring what has been received upon it.

The order at special term should be affirmed with costs.

Ordered accordingly.